UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Habib D., | No. 26-cv-1236 (KMM/JFD) |
| Petitioner, | |
| v. | **ORDER** |
| Pamela Bondi, et al., | |
| Respondents. | |

This matter is before the Court on the Petition for a Writ of Habeas Corpus filed by Petitioner Habib D. (Dkt. 1.) For the reasons set forth below, the Court grants Habib D.'s habeas petition in part, and Respondents are required to provide Habib D. with a bond hearing by February 16, 2026. Moreover, the Court seeks additional briefing from Petitioner as to one issue.

## BACKGROUND

Habib D. is a citizen of Guinea and a resident of Shakopee, Minnesota. (*Id.* ¶ 7.) He has lived in the United States since November 2023 and timely filed an application for asylum, which is currently pending. (*Id.* ¶¶ 12–13.) Habib D., who is involved in his community, has a valid work permit and is employed. (*Id.* ¶¶ 14–16.) He does not have a final order of removal nor a criminal history. (*Id.* ¶¶ 13, 18.)

On the morning of February 8, 2026, Habib D. was arrested by federal immigration authorities as he went to visit a relative. (*Id.* ¶ 19.) Petitioner does not believe he was shown a warrant when arrested. At the time Habib D.'s habeas petition was filed, it appeared that

1

he might be detained at the Whipple Federal Building in Minnesota, but his location was unconfirmed. (*Id.* ¶¶ 24–26.) He seeks either a bond hearing or immediate release. (*See id.* at 20.)

Respondents argue that Petitioner's mandatory detention is justified under 8 U.S.C. § 1225(b)(2). Alternatively, they argue that Habib D.'s detention is justified under 8 U.S.C. § 1226(a) because he was arrested pursuant to a warrant. (Dkt. 6 at 1–2.) Respondents attached a copy of the arrest warrant for Habib D. (Dkt. 6-1.)

## DISCUSSION

### I.   8 U.S.C. § 1225(b)(2)

This case is one of many filed in recent months in this district challenging the application of § 1225(b)(2) to aliens who are already in the United States, either having entered without inspection or having been previously released pursuant to 8 U.S.C. § 1226 or another statute. This Court has previously held that, because such people are not "seeking admission" as set forth in § 1225(b)(2), that provision—which mandates detention—does not apply to them. *See, e.g.*, *Belsai D.S. v. Bondi*, No. 25-cv-03682 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025). The majority of courts to have considered these issues have reached the same conclusion. And while the Fifth Circuit recently adopted Respondents' reading of § 1225(b)(2), the Seventh Circuit reached a different conclusion. *Compare Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330, at *4-10 (5th Cir. Feb. 6, 2026), *with Castanon-Nava v. DHS*, 161 F.4th 1048, 1061 (7th Cir. 2025).

Respondents' position is that the cases representing the majority view were wrongly decided. Although the Court has considered the arguments raised by the government, and reviewed the authority cited, the Court declines to repudiate its analysis from *Belsai D.S.* and instead continues to follow the analysis of the strong majority of courts to have considered the matter. And the fact that Ibrahime D. has a pending asylum application does not change the analysis. *See Mayamu K. v. Bondi*, 2025 WL 3641819, at *4 (D. Minn. Oct. 20, 2025) (stating that the petitioner was not "arriving or seeking lawful entry into the country when detained," and "[t]hat Petitioner is in asylum proceedings does not alter th[e] analysis"); *see also Segundo P. v. Lyons*, 2026 WL 92854, at *3 (D. Minn. Jan. 13, 2026) ("Even by applying for asylum, a noncitizen who already has entered the United States illegally and is living here cannot be said to be actively seeking lawful *entry* into the United States[.]") (quotation omitted); *Iishaar-Abdi v. Klang*, 2025 WL 3764853, at *2 n.2 (D. Minn. Dec. 30, 2025) ("[A]s other courts have recognized, the filing of an asylum application by Petitioner does not affect the Court's analysis.") (citing cases).

Of course, these issues are complex, and the government's arguments are not frivolous. But the Court continues to believe that the better reading of the relevant statutory scheme is that § 1225(b)(2) does not apply to Habib D. or others who are similarly situated, and his mandatory detention under that provision is not supported by the law. Instead, he is entitled to a bond hearing.

## II.   8 U.S.C. § 1226(a)

Respondents argue that Habib D.'s immediate release is precluded because at a minimum he was lawfully detained under § 1226(a) pursuant to a warrant. (Dkt. 6 at 1–2;

3

Dkt. 4-1 (warrant).) Section 1226(a) states that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Respondents are correct that § 1226(a) provides them the authority to initially detain Habib D. if he was arrested pursuant to a warrant. However, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961 (D. Minn. 2025) (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))). Accordingly, while the Court does not order Habib D.'s immediate release at this time, he is, at a minimum, entitled to a bond hearing.

Finally, the Court observes that the use of warrants at the time of arrest of people like Petitioner seems to be a new practice in this district. The Court has not received any briefing addressing whether a document such as the one offered by Respondents is in fact a "warrant issued by the Attorney General," as contemplated by § 1226(a), nor whether Petitioner was arrested after the issuance of such a warrant. It is appropriate that Petitioner's counsel have an opportunity to address this issue. Therefore, as provided below, the Court will both immediately order a bond hearing and give Petitioner an opportunity to submit a Reply addressing whether the document satisfies the requirements of the applicable statute, or whether immediate release is instead the appropriate remedy.

## ORDER

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1. Petitioner's petition for a writ of habeas corpus is **GRANTED IN PART** and **DENIED IN PART**.

2. If Petitioner wishes to file a Reply addressing whether the document provided by Respondents is a warrant that satisfies § 1226(a), Petitioner must do so no later than **February 13, 2026**, as previously ordered. (Dkt. 4 ¶ 3.)

3. Respondents are **ORDERED** to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) **by February 16, 2026**.

4. Respondents are **ORDERED** to file an update on the docket **by noon on February 18, 2026** demonstrating to the Court that such a hearing has taken place.

The Remainder of Petitioner's petition is **DENIED WITHOUT PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: February 9, 2026

                  *s/Katherine M. Menendez*
                  Katherine M. Menendez
                  United States District Judge